UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY R BROWN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:69-CV-74 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OF FINDINGS OF FACT
## CONCERNING ATTORNEYS FEES AWARD

### I.

Before the Court is the plaintiffs' motion for entry of findings of facts concerning the attorneys' fee award previously granted and entered.  These findings of fact are based upon the Court's observations of the performance of counsel throughout these proceedings, the pleadings filed by counsel during the course of these proceedings, the submissions filed by counsel in connection with plaintiffs' motion for fees, including, without limitation, the declarations submitted by plaintiffs and the exhibits and attachments thereto and the Court's knowledge and experience over many years in determining these matters.

All time claimed by the plaintiffs' counsel through May 22, 2012, as itemized on (a) Exhibit B attached to the declaration of Gerald M. Birnberg in support of his motion for an attorneys fee and (b) Exhibit D attached to the declaration of Edward Mallett in support of his motion for an attorneys fees were, in the Court's opinion, directly and reasonably incurred in proving an actual violation of the plaintiffs' rights under  the First

Amendment to the Constitution of the United States and RLUIPA.  Specifically, the time incurred was necessary to enforce the rights of the plaintiffs secured by the 1977 Consent Decree entered in this case and is proportionately related to the relief sought and obtained by the plaintiffs for violation of their statutory and constitutional rights. In the Court's opinion, the time is compensable under 42 U.S.C. § 1988. *See* [Document Number 441].

The time itemizations submitted by the plaintiffs' counsel also evidence the exercise of appropriate billing judgment, including waiving certain compensation and limiting the time for which compensation was sought on other items.  The Court also finds that none of the time expended by the plaintiffs' counsel was unreasonably duplicative.

The Court finds that any "block-billing" by the plaintiffs' counsel did not render the time descriptions insufficiently specific as to prevent the Court from determining whether the time claimed on the entries represents a reasonable amount of time. The Court was able to assess the reasonableness of the time claimed for various case-related activities despite the fact that it was "block-billed."

The Court further finds that a reasonable hourly rate for an attorney of Mr. Birnberg's experience, skill, background, and knowledge for litigation services in the federal courts in Houston Texas, is $510 per hour, which is also Mr. Birnberg's customary hourly rate charged to fee-paying clients for such services. This rate is consistent with hourly rates approved in other cases of similar complexity in the Southern District of Texas. The reasonable hourly rate for an attorney of Mr. Mallett's experience, skill, background, and knowledge for litigation services in the federal courts in Houston

Texas, is $510 per hour.  While Mr. Mallett practices primarily in the area of criminal defense his hourly rate for civil cases, as found by the Court, is based on his years of experience in trial, his skills, and knowledge concerning litigation.

The Court finds that out-of-pocket costs and expenses claimed by Mr. Birnberg, as detailed on Exhibit C of his Declaration and by Mr. Mallett on Exhibit B attached to his Declaration, were necessary expenditures and reasonably incurred.  Therefore, they are approved by the Court.  *See* [Doc. No. 441].  The Court finds that they are the type of expenses and expenditures for which attorneys in private practice in Houston, Texas, legal services community ordinarily incur and bill clients and, therefore, should be recovered in this case.

## II.

Having succeeded in opposing termination of the provisions of the Consent Decree the plaintiffs are prevailing parties entitled to an award of reasonable attorneys fees under 42 U.S.C. § 1988. *Webb* v. *Ada County,* 285 F.3d 829 (9th Cir. *2002); Martin* v. *Hadix,* 527 U.S. 343 (1999); *Binta B.* v. *Gordon,* 710 F.3d 608 (6th Cir. 2013); *Cody* v. *Hillard,* 304 F.3d 767, 777 (8th Cir. 2002).  A reasonable attorneys fee awardable in a § 1983 case is governed by 42 U.S.C. § 1988 and is determined by employing the "lodestar" methodology, whereby the number of hours reasonably expended on the litigation are multiplied by the applicable hourly rate, which is ordinarily the rate prevailing in the local legal services marketplace for services rendered by similarly skilled, experienced, and knowledgeable attorneys and charged to fee-paying clients. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010).

The defendants' claim that some of the time spent by the plaintiffs' counsel was duplicative.  The mere fact that the plaintiffs' counsel expended time doing the same thing or conferring on the matter, does not necessarily mean that the time is noncompensable. Time is non-compensable as "duplicative" only if it is unreasonable for counsel to be engaged in the same activity at the same time. *Johnson v. University Call. of Univ. of Ala. In Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983).  The Court finds that each engagement was necessary and holds that no duplicative time is charged that is of consequence.

The defendants also claim, concerning "block-billing," that block billing should result in a reduction of any fee award.  This may be the case where the time description is insufficiently specific to allow the court to determine whether the total time claimed on the entity represents a reasonable amount of time. *Davis v. Peny,* No. SA-ll-CA-788, 2014 WL 106990, at *20 (Jan. 8, 2014). Here the total time spent on the multiple tasks appears reasonable, therefore, no adjustment for "block billing" is warranted. *Huffman v. Legal Helpers Debt Resolution, L.L.C. (In re Huffman),* No. 12-00177,2014 WL 1767694, at * 13-14 (Bankr., S.D. Miss., May 2, 2014).

In setting the fees, the Court also considered the "hourly rate established under section 3006 of Title 18 for payment of court-appointed counsel" during the time these proceedings were going on and determines those rates to be $139 per hour for time spent between July 15, 2012 and December 31, 2013, and $141 per hour for time expended in 2014.  Thus, the fee awarded in this case is based on an hourly rate of $208.50 per hour

(for time spent prior to January 1, 2014) (150% of $139 per hour) and $211.50 for time spent in 2014 (150% of $141 per hour).

The amount of the delay in receipt payment adjustment must be calculated using prime interest rates in effect during the time the services were performed (3.25% per annum) as the basis. *Alberti v. Klevenhagen, supra,* 896 F.2d 927, 938 (5th Cir. 1990).

### III.

(A)   For the foregoing reasons, the Court concludes that the plaintiffs' are entitled to an award of reasonable attorneys' fees for time incurred and out-of-pocket costs expended in this case through May 22, 2014,

| | | |
|---|---|---|
| Gerald M. Birnberg | $ | 202,525 |
| Edward A. Mallett | $ | 89,185 |

(B)   The foregoing award does not include compensation for any time spent relating to appellate matters.  It does include the plaintiffs' supplemental request and corrections.  *See* [Doc. No. 444].  The plaintiffs are entitled to interest on the foregoing amounts at the rate of 3.25% per annum, compounded annually, from July 1, 2014, until such amounts are paid.  An Amended Order follows this Memorandum of Finding of Facts.

It is so Ordered.

SIGNED on this 25th day of July, 2014.

_____
Kenneth M. Hoyt
United States District Judge